382 So.2d 1267 (1980)
Tim ALBRITTON and Jean Albritton, Husband and Wife, Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Cheryl Lee Dannels, Appellees.
No. 79-195.
District Court of Appeal of Florida, Second District.
April 11, 1980.
Rehearing Denied May 8, 1980.
*1268 I.W. Williams and Douglas A. Mulligan of Williams & Milton, St. Petersburg, for appellants.
H. Shelton Philips of Kaleel & Kaleel, St. Petersburg, for appellees.
HOBSON, Judge.
Appellants Tim and Jean Albritton, plaintiffs below, appeal an amended final judgment entered after a jury trial against appellees State Farm Mutual Automobile Insurance Company and Cheryl Lee Dannels, awarding Tim Albritton $4,200 and awarding Jean Albritton zero dollars on her derivative suit for loss of consortium and services. We reverse the portion of the final judgment which awarded zero dollars on the derivative suit.
Appellants present three issues for resolution:
1) Whether the jury finding that Tim Albritton did not suffer permanent disability was contrary to the manifest weight of the evidence;
2) Whether the jury finding that Tim Albritton was 30% at fault was contrary to the manifest weight of the evidence; and
3) Whether the damage awards were inadequate, specifically the award of zero dollars to Jean Albritton for loss of services and consortium.
As to the first issue, we have carefully noted the testimony of the three medical experts and find that there was substantial and competent evidence presented to sustain the jury's finding of less than permanent injury. Under the test of Griffis v. Hill, 230 So.2d 143 (Fla. 1970), we find that a jury of reasonable persons could have returned the instant verdict.
We reach the same conclusion as to the issue of Albritton's comparative negligence in the accident. Finding substantial and competent evidence to support that portion of the verdict, we decline to disturb it.
The issue of Jean Albritton's derivative suit for loss of services and consortium necessitates a different conclusion. Although it is the rule that the wife's derivative claim is barred[1] where the husband's cause of action has been terminated by an adverse judgment on the merits, the converse is not necessarily the case. When a jury finds, as in the instant case, that a husband has sustained injuries due to the negligence of a third party, the wife must present competent testimony concerning the impact which the accident had on the marital relationship and, more specifically, evidence concerning her loss of consortium.[2]
We have examined the record and find that Jean Albritton presented unrebutted testimony that her husband's injuries caused rather drastic changes in the parties' lifestyle and sexual relationship. She testified *1269 that, prior to the accident in which her husband sustained injuries, he had performed many of the household chores, including shopping, housework and extensive child care. She further stated that the parties' sexual relationship was "just wonderful" before the accident. In contrast, Mrs. Albritton claimed that after the accident her husband complained of severe pain and she was forced to take on his care as well as the housework and child care, which was difficult due to her poor health. When asked if the parties' sex life was affected after the husband's injuries, Mrs. Albritton answered, "There never was any more." In addition, she stated on cross-examination that her husband had been unable to retain his former job as bus driver because of his injuries and had gone to Texas three months before the trial to look for work. She stated that she and the children remained behind in Florida and that she had spent one week in Texas with her husband since his move.
In view of the testimony offered by Mrs. Albritton and unrebutted by appellees, we are of the opinion that Mrs. Albritton was entitled to receive at least nominal damages. Shaw v. Peterson, 376 So.2d 433 (Fla. 1st DCA 1979); Webber v. Jordan, 366 So.2d 51 (Fla. 2d DCA 1978). For this reason, we reverse the zero dollar award to Mrs. Albritton and remand this cause for a new trial solely on the issue of damages as they pertain to her action for loss of consortium and services.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
GRIMES, C.J., and SCHEB, J., concur.
NOTES
[1] Gates v. Foley, 247 So.2d 40 (Fla. 1971); Davis v. Asbell, 328 So.2d 204 (Fla. 1st DCA 1976).
[2] The Florida Supreme Court defined "consortium" in Gates v. Foley as "the companionship and fellowship of husband and wife and the right of each to the company, cooperation and aid of the other in every conjugal relation. Consortium means much more than mere sexual relation and consists, also, of that affection, solace, comfort, companionship, conjugal life, fellowship, society and assistance so necessary to a successful marriage." 247 So.2d at 43.